**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANGELA ANDERSON,**

    **Plaintiff,**

    **v.**                                         **Case No. 16-CV-2038-JAR**

**EQUIFAX INFORMATION SERVICES LLC,**

    **Defendant.**

## ORDER

On August 3, 2017, this Court granted Defendant's motion for summary judgment on all three Fair Credit Reporting Act violations asserted in the Complaint.[1] The Court granted summary judgment on two of the three claims on the basis that they were barred by the statute of limitations. On November 13, 2017, the Court granted Plaintiff's motion to reconsider its decision to grant Defendant summary judgment on those two claims, concluding they are not time-barred.[2] In its original summary judgment order, the Court denied as moot a then-pending motion to exclude Plaintiff's expert, Evan Hendricks, under Fed. R. Evid. 702 and *Daubert*. Given the Court's decision on reconsideration to deny Defendant's motion for summary judgment on the maximum possible accuracy and reasonable reinvestigation claims, this Court directs the Clerk to reopen Defendant's Motion to Exclude or Limit the Testimony of Plaintiff's Expert, Evan Hendricks (Doc. 38).

At the pretrial conference, Defendant requested that the Court set the motion to exclude matter for an evidentiary hearing. As requested by the Court, Defendant addressed this request

---

[1] Doc. 49.
[2] Doc. 64.

in a December 21, 2017 filing.[3]  It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert*.[4]  The most common method for fulfilling this function is a *Daubert* hearing, although such a process is not specifically mandated.[5]  The Court has carefully reviewed Defendant's December 21 filing, and the submissions filed with the motions, which include deposition testimony by this expert, and concludes these materials create a more-than adequate record upon which to decide the issues raised in Defendant's motion to exclude.  Therefore, Defendant's request for an evidentiary hearing on its renewed motion to exclude is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk shall reopen Defendant's Motion to Exclude or Limit the Testimony of Plaintiff's Expert, Evan Hendricks (Doc. 38).  This motion is now under advisement.

**IT IS SO ORDERED.**

Dated: January 10, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Doc. 72.

[4] *Goebel v. Denver & Rio Grande W. R.R.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

[5] *Id.*